UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE C. MORRIS,

       Plaintiff,     Case No. 12-15505
               Honorable Gerald E. Rosen
   v.          Magistrate Judge David R. Grand

PATRICIA A. FRESARD, DETROIT
POLICE DEPARTMENT, COUNTY OF
WAYNE, RECEIVING HOSPITAL, RYAN
CORRECTIONAL FACILITY, MICHAEL
WOODYALL, PROSECUTOR'S OFFICE,
HIGHLAND PARK POLICE DEPARTMENT,
ATTORNEY GRIEVANCE COMMISSION,
PERRY W. LEWIS, JENNIPHER COLTHIRST,
and WAYNE COUNTY JAIL,

       Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS
TO DISMISS [15, 18, 20, 21, 28], TO SUMMARILY DISMISS THE REMAINDER OF
PLAINTIFF'S AMENDED COMPLAINT, TO DENY PLAINTIFF'S MOTION TO
SUPPLEMENT THE PLEADINGS [35], AND TO DENY PLAINTIFF'S "MOTION TO
THE COURT TO RETURN TO HOME OF RECORD" [12]**

A.  **Background**

   On December 17, 2012, plaintiff Willie Morris filed a complaint against Defendants

Patricia Fresard, Wayne County, and the Detroit Police Department. (Doc. #1). On January 11,

2013, Morris filed an amended complaint (Doc. #6), adding additional defendants, including the

Wayne County Jail, Detroit Receiving Hospital, Ryan Correctional Facility, Michael Woodyard,

the "Prosecutor's Office," the Highland Park Police Department, the Attorney Grievance

Commission, Perry W. Lewis, and Jennipher Colthirst. To date, Morris has not requested that

summonses be issued, nor has he effectuated proper service of his amended complaint on any of the defendants.

Morris' amended complaint, which is the governing pleading in this matter,[1] is quite bizarre and virtually incomprehensible in many respects.  From what the court can discern, it appears Morris is alleging that, on February 24, 2011, certain unnamed members of the Detroit Police Department shot him and then "falseified [sic] all the documents to show otherwise."  (*Id.* at 2).   Then, Morris alleges, Judge Patricia Fresard, the Wayne County Prosecutor's Office (through Assistant Prosecuting Attorney Michael Woodyard), and Plaintiff's own defense attorneys (Perry Lewis and Jennipher Colthirst) conspired to convict him of some unspecified crime (whether by pressuring him to accept a plea bargain, or in some other manner – this is not entirely clear).  (*Id.*).  Morris then alleges that the Wayne County Jail, "with a depraved, sadistic, and black heart," denied him necessary medical attention.  (*Id.* at 3).  Near the end of his amended complaint, Morris also appears to advance similar allegations against Ryan Correctional Facility, asserting that this entity denied him necessary medication for his migraine headaches.  (*Id.* at 6).

Between March 11, 2013, and April 2, 2013, several defendants – specifically, Judge Fresard, Ryan Correctional Facility, the Detroit Police Department, the Attorney Grievance Commission, and Detroit Receiving Hospital – filed motions to dismiss Morris' amended complaint.  (Doc. #15, 18, 20, 21, 28).  Morris filed a "Rebuttal to Defendents [sic] Motion to Dismiss My Case" on March 21, 2013 (Doc. #19), but otherwise has not filed specific responses to the defendants' various motions.  Also, on February 11, 2013, Morris filed a "Motion to the Court to Return to Home of Record Until Trial" in which he apparently seeks to be released from

---

[1] On January 23, 2013, Morris filed a second amended complaint without leave of the court or consent of the defendants, as is required by Fed. R. Civ. P. 15(a)(2).  (Doc. #7).  The court entered an order on January 30, 2013, striking this pleading as improperly filed.  (Doc. #10).

wherever he was then being held.  (Doc. #12).

An Order of Reference for General Case Management [2] was entered on January 9, 2013, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b).  Generally, the court will not hold a hearing on a motion in a civil case in which a party is in custody.  *See* L.R. 7.1(f).  Here, the court finds that the facts and legal issues are adequately presented in the briefs and on the record and declines to order a hearing at this time.

**B.      Standard of Review**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).   The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true.  *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  That tenet, however, "is inapplicable to legal conclusions.  Threadbare recitals of the

3

elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6ᵗʰ Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6ᵗʰ Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6ᵗʰ Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

In addition, courts have the inherent authority to dismiss a frivolous case. "[A] district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6ᵗʰ Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). A case is frivolous if it lacks arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts have also held that a complaint may be dismissed as frivolous when it is clear that the defendants are immune from suit. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of

4

process is permitted.  *See Ross v. Baron*, 2012 WL 3590914, at \*1 (4th Cir. Aug. 22, 2012) (citing cases).

## C.    Discussion

In this case, although Morris does not specifically mention 42 U.S.C. §1983 in his amended complaint, it appears that this statute provides the basis for his civil rights action against most (if not all) of the named defendants.  To successfully establish a *prima facie* case under §1983, Morris must prove that the defendants acted under color of state law and deprived him of rights secured by federal law.  *See Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).  Morris' allegations against each of the defendants and the others issued raised in his case will be discussed in turn.

### 1.    Judge Fresard

In his amended complaint, Morris alleges that Judge Fresard "worked hand in hand" with the prosecution and Morris' defense attorneys in order "to get a conviction."[2]  (Doc. #6 at 2).  In her motion to dismiss, Judge Fresard asserts that Morris' claims against her are barred by the doctrine of absolute judicial immunity.  (Doc. #15 at 5-7).  Judge Fresard is correct, as state court judges enjoy absolute immunity from liability for actions taken in their judicial capacity in matters over which they have jurisdiction.  *See Johnson v. Wayne County*, 2006 WL 3086938, at \*2 (E.D. Mich. Oct. 30, 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991)).  As the Sixth Circuit recently summarized,

---

[2] A search of the Michigan Department of Corrections' Offender Tracking Information System (OTIS) indicates that Plaintiff was convicted of several offenses stemming from events that occurred on February 24, 2011, including assault with a dangerous weapon, assault on a police officer, and violation of the concealed weapons statute.  The court is permitted to take judicial notice of the information contained in OTIS.  *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions. State judges enjoy absolute immunity from liability under 42 U.S.C. §1983. Judicial immunity exists even where a judge acts corruptly or with malice.

Judicial immunity can be overcome under only two circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (internal quotations and citations omitted).

In this case, there is no dispute that Judge Fresard was acting in her judicial capacity and performing judicial functions when presiding over Morris' state court criminal case. Morris' argument that Judge Fresard lacked jurisdiction over him because he is his own "sovereign" is unsupported by any case law or statutory citation and is frivolous. (Doc. #19 at 1). Thus, Morris' claims against Judge Fresard are barred by judicial immunity and should be dismissed with prejudice. *Id.*

2. *Ryan Correctional Facility*

Near the end of his amended complaint, Morris alleges that the Ryan Correctional Facility ("RCF") denied him necessary medication for his migraine headaches. (*Id.* at 6). In its motion to dismiss, RCF asserts that Morris' claims against it are barred by the doctrine of Eleventh Amendment immunity. (Doc. #18 at 6-7).

It is well established that the Eleventh Amendment bars suits in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-100 (1984); *Abick v. Michigan*, 803 F.2d 874, 876-77 (6th Cir. 1986). RCF was[3] a prison

---

[3] On October 28, 2012, RCF was repurposed and renamed the Detroit Reentry Center. *See* http://www.michigan.gov/corrections/0,4551,7-119-1435-289645--,00.html.

6

run by the Michigan Department of Corrections ("MDOC").  In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC, as an agency of the state of Michigan, is absolutely immune from suit under the Eleventh Amendment.  *See, e.g., McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000).  Thus, Plaintiff's claims against RCF are barred by the Eleventh Amendment and should be dismissed with prejudice.[4]

> 3.    *Attorney Grievance Commission*

With respect to the Attorney Grievance Commission ("AGC"), Morris alleges in his amended complaint only that he wrote to the AGC, complaining of torture, collusion, and other crimes, and that the AGC "did absolutely nothing to protect the integrity of the judicial process …."  (Doc. #6 at 5).  Morris pleads no other factual allegations against the AGC, and, as the AGC correctly asserts, his conclusory statements and opinions are insufficient to state a claim under Fed. R. Civ. P. 12(b)(6).  (Doc. #22 at 2 (citing *Sexton v. Barry*, 233 F. 2d 220 (6th Cir. 1956)).  Moreover, the AGC – which is responsible for supervising and disciplining Michigan attorneys – is absolutely immune from liability for acts or omissions performed in its official capacity.  *See Eston v. Van Bolt*, 728 F. Supp. 1336, 1338-39 (E.D. Mich. 1990).  Thus, because Morris has failed to state a claim against the AGC, and because the AGC is immune from liability, Morris' complaint against this entity should be dismissed with prejudice.

---

[4] In addition, 42 U.S.C. §1983 requires that the defendant to a civil rights action be a "person." *See Lapides v. Board of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).  The MDOC is not a person within the meaning of the statute. *See Parker v. Michigan Dept. of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003).  Since Morris' complaint seeks relief against an entity against which suit is barred, his complaint should be dismissed on the additional grounds that it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### 4.      Detroit Receiving Hospital

Morris has also failed to allege any wrongdoing on the part of Detroit Receiving Hospital ("DRH").  In his amended complaint, Morris attempts to allege a claim of deliberate indifference by DRH to his serious medical needs.  He alleges that, after he had a stroke in jail, he was taken to DRH.  (Doc. #6 at 3-4).  He further alleges that a "Dr. Bazzi" was "going to send [him] back to Wayne County Jail," but a nurse "told him 'no'" and, instead, put Morris in the intensive care unit.  (*Id.* at 4).  Morris makes no further allegations with respect to DRH.

Morris' claim cannot succeed.  As DRH points out in its motion to dismiss, Morris admits in his amended complaint that he did not suffer any injury at the hands of DRH; he was not discharged prematurely because, admittedly, a "savior nurse" sent him to the intensive care unit.  (Doc. #28 at 5; Doc. #6 at 4).  At most, he has alleged a difference of opinion between Dr. Bazzi and the nurse in terms of the level of care he required, which cannot, as a matter of law, give rise to a claim of deliberate indifference.  *See Rhinehart v. Scutt*, 2013 WL 28095, at *4 (6th Cir. Jan. 2, 2013) ("Rhinehart has not alleged more than a difference of opinion with respect to his medical treatment, and as a general rule, where a plaintiff has received care, he will not be able to sustain a claim of deliberate indifference.").  Accordingly, Morris' amended complaint fails to state a claim against DRH and should be dismissed with prejudice.

### 5.      The Remaining Defendants

In addition to considering the arguments raised by several of the defendants in their respective motions to dismiss, the court has *sua sponte* reviewed the allegations in Morris' amended complaint, as set forth below.

8

     a.    The Heck *Doctrine Bars Morris' Claims Against*
            *The Highland Park Police Department, the Detroit*
            *Police Department, the Wayne County Prosecutor's*
            *Office, Michael Woodyard, Perry Lewis,*
            *Jennipher Colthirst and Others*

After a careful review of Morris' amended complaint, the court concludes that he is asserting, in part, a claim that his civil rights were violated when certain of the defendants sought and achieved his criminal conviction. Specifically, Morris alleges that, on February 24, 2011, certain unnamed Detroit Police Department officers "ran up on [him] without probable cause, and shot [him]" and then "falseified [sic] all the documents to show otherwise." (Doc. #6 at 2). According to Plaintiff, some unnamed Highland Park Police Department detectives were present when "D.P.D. shot [him]." (*Id.* at 4). Then, he alleges, Wayne County Circuit Court Judge Patricia Fresard "worked hand in hand" with "the Prosecutor's Office" (specifically, Assistant Prosecuting Attorney Michael Woodyard) and Plaintiff's defense attorneys (Perry Lewis and Jennipher Colthirst) in order "to get a conviction." (*Id.* at 2). Thus, a finding in Morris' favor in the underlying civil rights litigation would, necessarily, imply the invalidity of Morris' conviction(s), sentence(s), and confinement. This dooms his claims.

As the United States Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.

*Id.* at 486-87. In this case, Morris does not assert – and, indeed, there is no evidence – that his convictions have been reversed by the Michigan state courts, questioned by a federal writ of

habeas corpus,[5] or otherwise terminated in his favor. Because Morris' allegations against the Detroit Police Department,[6] the Highland Park Police Department, Judge Patricia Fresard, the Wayne County Prosecutor's Office, Michael Woodyard, Perry Lewis, and Jennipher Colthirst necessarily attack the validity of his convictions, his civil rights action is barred by the holding in *Heck*. Therefore, Morris fails to state a claim upon which relief may be granted under §1983 as to these defendants, and his federal claims against them should be dismissed with prejudice.

> b.    *Morris' Claim against Attorney Woodyard*
>        *Is Barred by Prosecutorial Immunity*

In his amended complaint, Morris also alleges that Michael Woodyard, an Assistant Prosecuting Attorney ("APA") with the Wayne County Prosecutor's Office, conspired (with Judge Fresard and Morris' defense attorneys) to "get a conviction" of Morris, apparently by pressuring him to accept a plea bargain. (Doc. #6 at 2). Like judges, prosecutors enjoy absolute immunity from a civil suit for damages under Section 1983 for actions performed within the scope of their prosecutorial duties. *See Johnson*, 2006 WL 3086938, at *3 (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *Sam v. County of Wayne*, 2010 WL 3026229, at *5 (E.D. Mich. July 29, 2010) ("plea bargaining and comparable activities are intimately associated with

---

[5] The court declines to construe Morris' amended complaint as seeking habeas corpus relief because it does not allege exhaustion of available state remedies. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'") (internal citations and quotations omitted); *Woods v. Clocum*, 2011 WL 1884181, at *2 (E.D. Mich. May 18, 2011) (citing *Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001)).

[6] The Detroit Police Department also filed a motion to dismiss, asserting that it "lacks status as a distinct entity and therefore cannot be sued" because the real party in interest is the City of Detroit. (Doc. #20 at 5). The Detroit Police Department is correct in this regard, and the fact that municipal police departments are not entities capable of being sued provides a further basis for dismissal of Morris' amended complaint against this entity. *See Payne v. Wyandotte Police Dept.*, 2006 WL 1195824, at *2 (E.D. Mich. May 3, 2006).

the judicial process and are thus protected by absolute immunity").

Here, where APA Woodyard was the prosecuting attorney in Morris' criminal case, he was acting as an advocate for the state when allegedly negotiating a plea bargain with Morris. Thus, the doctrine of absolute immunity applies because APA Woodyard's conduct was "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430. As such, Morris' claim against APA Woodyard should be dismissed with prejudice.

c.  *Morris' Claim Against Attorneys Lewis*
    *And Colthirst Fails as a Matter of Law*

Morris also alleges that his criminal defense attorneys, Perry Lewis and Jennipher Colthirst, conspired with Judge Fresard and APA Woodyard to "convict" him, apparently by pressuring him to accept a plea bargain. (Doc. #6 at 2). To the extent Morris alleges that his defense attorneys were constitutionally ineffective, he fails to state a claim: although Morris does not indicate in his complaint whether Lewis and Colthirst were public defenders or private attorneys appointed by the court, courts have held that neither act under color of state law when performing traditional functions as counsel for a defendant in a criminal proceeding. *See Johnson*, 2006 WL 3086938, at *3 (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Thus, Morris has failed to satisfy an essential element of a §1983 case – namely, that Defendants Lewis and Colthirst acted under color of state law – and any §1983 claims against them should be dismissed with prejudice.[7]

---

[7] To the extent that Morris is attempting to assert a claim of legal malpractice against Lewis and Colthirst, such claims arise solely under state law. Section 1983 does not provide redress for violations of state law. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Accordingly, Morris' state law claims against Lewis and Colthirst should be dismissed without prejudice.

11

            d.      *Morris Has Failed to State a Claim Against*
                      *Wayne County and the Wayne County Jail*

With respect to Morris' allegations against Wayne County and the Wayne County Jail, the court notes that these claims also fail because municipal entities cannot be held liable under §1983 on a *respondeat superior* theory. *See Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). Liability under §1983 may only be found if a municipality has a policy, practice, or custom that directly resulted in the violation of constitutional rights. *Id.* at 692. The Supreme Court has stated:

> Proof of a single incident of an unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

Thus, "[A] plaintiff who sues a city and its police department for constitutional violations under 42 U.S.C. §1983 must establish that a governmental policy or custom caused the alleged injury." *Sova v. City of Mount Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998). Here, Morris vaguely alleges that unnamed individuals employed by the Wayne County Jail denied him necessary medical care.[8] With respect to these allegations, however, Morris fails completely to allege the existence of an underlying governmental policy that caused the alleged injuries. The conclusory allegations contained in his amended complaint are simply insufficient to state an arguable claim that an unconstitutional governmental policy caused his allegedly improper arrest, conviction, and/or subsequent treatment while incarcerated. *Twombly*, 550 U.S. at 556.

      6.      *Morris' Motion to Supplement the Pleadings [35] Should be Denied*

While the defendants' motions to dismiss were pending, Morris submitted a handwritten

---

[8] Plaintiff does not make *any* allegations against Wayne County. Thus, dismissal of Wayne County as a defendant is appropriate for that reason as well.

letter seeking permission to "amend" his complaint to add claims against "Angela Bridgewater" and "the Parole Board." (Doc. #35). In his letter, Morris alleges that, subsequent to the filing of his complaint in this matter, "Angela Bridgewater and her supervisor Mrs. Skibinski sent parole police to [his] room and took [him] back to prison" for allegedly sending them "a letter that was assaultive, abusive, threating [sic], and intimidating." (*Id.* at 1).

The federal rules provide that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). As the plain language of the rule indicates, "supplemental pleadings, not amended pleadings, are intended to cover matters occurring after the original complaint was filed." *Harrison v. Burt*, 2008 WL 4058288, at *1 (E.D. Mich. Aug. 28, 2008) (internal citations omitted). However, leave to supplement should not be granted "if the supplemental complaint would result in undue prejudice to the opposing party or if the supplemental complaint would be futile." *Pasley v. Caruso*, 2012 WL 994771 (E.D. Mich. Feb. 10, 2012) (internal citations omitted).

Here, the court should deny Morris' motion to supplement because allowing the supplementation would be futile. Just as the *Heck* doctrine bars Morris' claims that he was wrongfully convicted, so too does the doctrine bar a Section 1983 claim challenging the validity of his parole revocation proceedings. *See Blackmon v. Hamblin*, 436 F. App'x 632, 633 (7th Cir. 2011) ("Nor may a prisoner use § 1983 to obtain damages if success on the merits necessarily would imply the invalidity of the revocation of his parole.") (citing *Heck*, 512 U.S. at 487). Moreover, the claims Morris seeks to add are unrelated to the claims set forth in his original and amended complaints, and would therefore be more properly pursued in a new action. *See Cage*

13

*v. Harry*, 2010 WL 1254562, at *1 (W.D. Mich. Mar. 26, 2010); *Dockery v. Wetzel*, 2013 WL 664931, at *3 (M.D. Pa. Feb. 22, 2013).

   7. *Morris' Motion to the Court to Return to Home of Record Until Trial*

   Morris' Motion to the Court to Return to Home of Record Until Trial (Doc. #12) is incomprehensible.  He claims to be suffering from pericardial and pleural effusion.  (*Id.* at 1).  Apparently, he is being held in some sort of hospital, though Morris' motion merely implies that he is "upstairs" from the "ER".  (*Id.* at 2).  He asks that the court "allow [him] to go home to [his] family where [they] can supervise [his] care, just until trial."  (*Id.*).

   The court should deny Morris' motion.  First, he provides insufficient information for the court to understand the actual nature of his circumstances.  It is unclear: where Morris was at the time he filed his motion; whether he was "in custody," and if so, why; and on what legal basis the court has jurisdiction to consider the relief he seeks or could grant that relief.

**D. Conclusion**

   For the foregoing reasons, the court **RECOMMENDS** that:

    (1)  Defendants' motions to dismiss **[15, 18, 20, 21, 28]** be **GRANTED**;

    (2)  Morris' amended complaint [6] be **DISMISSED WITH PREJUDICE** as to the federal claims alleged against Defendants, and **WITHOUT PREJUDICE** as to any state law claims alleged against Defendants Perry Lewis and Jennipher Colthirst;

    (3)  Morris' motion to supplement his complaint **[35]** be **DENIED**; and

    (4)  Morris' motion to the court to return to home of record until trial **[12]** be **DENIED**.

Dated: May 9, 2013       s/ David R. Grand
               DAVID R. GRAND
               UNITED STATES MAGISTRATE JUDGE

**NOTICE**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 9, 2013.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager
